**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Frederic Garmon, | No. C 04-3772 WDB |
| Plaintiff, | **ORDER TO PROVIDE CLARIFICATION OR RESPONSE RE ISSUES** |
| v. | |
| Peralta Community College District, et al., | |
| Defendant(s). | |
| _____/ | |

**By Monday, April 17, 2006, at <u>4:00 p.m.</u>,** the parties must file with the Court, deliver to chambers, and serve on opposing counsel their responses to **<u>all</u>** of the following:

1.    Plaintiff's Second Amended Complaint does not differentiate among the defendants with respect to most claims.  It is the Court's view that plaintiff's claims for race discrimination, gender discrimination, retaliation, and intentional infliction of emotional distress challenge conduct by Peralta Community College District and by the Peralta Community College District Board of Trustees and do not assert claims against Mr. Moore <u>as an individual</u>.  Plaintiff must state whether the Court's understanding is accurate.  If plaintiff intends to assert a claim for race discrimination, gender discrimination, retaliation, or intentional infliction of

1

1   emotional distress against Mr. Moore in his individual capacity, plaintiff must set
2   forth the bases for any such claims.

3       2.     Plaintiff's Second Amended Complaint asserts that Mr. Moore's
4   allegedly defamatory statements were "unauthorized" by the other defendants but also
5   makes the inconsistent statements that the other defendants knew about and ratified
6   those statements and that the defendants "conspired" to defame plaintiff.  Plaintiff
7   must state whether his claim for defamation is made only against Mr. Moore, as an
8   individual, or whether plaintiff also intends to assert a claim for defamation against
9   Peralta and/or the Board.  If plaintiff intends to assert a claim for defamation against
10  Peralta and/or the Board plaintiff must set forth the bases for such a claim.

11      3.     It is not obvious to the Court that any of the conduct identified in
12  Plaintiff's Basis for Going Forward with His Intentional Infliction of Emotional
13  Distress Claims, filed Aril 6, 2006, is "outrageous" even under a generous reading of
14  plaintiff's proffer.  The Court is strongly inclined to the view that under controlling
15  authorities employment decisions such as 'firing' are not classified as "extreme and
16  outrageous" even if motivated by unlawful considerations such as discrimination or
17  retaliation <u>unless</u> the alleged <u>manner</u> in which the decision is <u>implemented</u> <u>or</u> the
18  manner in which it is <u>communicated</u> to plaintiff arguably warrants the label
19  "outrageous."  As we read it, plaintiff's proffer does not allege conduct that satisfies
20  that standard.

21      Plaintiff must respond to defendants' Motion to Dismiss Claim for [Intentional]
22  Infliction of Emotional Distress, filed April 13, 2006.

23      4.     The parties' proposed jury instructions include definitions of the term
24  "adverse employment action," in the context of the race and gender discrimination
25  and retaliation claims.  It is our understanding that defendants do <u>not</u> dispute that
26  their decision not to renew Mr. Garmon's contract to serve as President of Vista
27  constitutes, as a matter of legal definition, an "adverse employment action."

28

2

Accordingly, the Court will not instruct the jury about the definitions of "adverse employment action."  Where the instructions would direct the jury to decide that element, the Court will refer directly to the fact that plaintiff's contract was not renewed.  If defendants contend that the decision not to renew plaintiff's contract does not qualify as an "adverse employment action" they must inform the Court.

5.     Title VII makes it unlawful for an employer to discriminate against an employee for opposing race discrimination.  However, the employee must <u>reasonably believe</u> that the challenged employment practices are discriminatory.  It is the Court's understanding that defendants do not contend that Mr. Garmon's <u>belief</u> that the challenged employment practices were discriminatory was "unreasonable."  Accordingly, the first element of the jury instructions for plaintiff's retaliation claim will direct the jury to determine whether Mr. Garmon proved that he "opposed conduct by defendants that he believed was discriminatory."  Unless defendants advise the Court that they have a basis for contending that Mr. Garmon's belief was not "reasonable," the Court will <u>not</u> use the phrase "reasonably believed."

6.     There is no right to have a jury determine the amount of back pay or front pay under Title VII.  These remedies constitute equitable relief awarded by the Court.  *E.g., Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005).  The parties may, however, consent to have these issues determined by the jury -- in which case its "verdict has the same effect as if trial by jury had been a matter of right."  F.R.C.P. 39(c).  If the parties do <u>not</u> consent, and if the findings by the jury give rise to an occasion for determining back pay and/or front pay, the Court will conduct an evidentiary hearing after the trial to determine these issues.  The parties must state whether they wish to consent to have the jury decide the appropriate amount of back pay and/or front pay in the event that the jury's verdict makes such remedies available.

7.     Apparently in response to this Court's order directing plaintiff to notify the Court whether he wants to proceed with his claim "under 42 U.S.C. §1983" (alleging retaliation for exercising First Amendment rights), plaintiff filed his dismissal without prejudice of his "section 1981 claims."  Does the Court accurately infer that plaintiff meant to dismiss his §1983 claim and that the reference to §1981 was an error?  As the Court reads plaintiff Second Amended Complaint, plaintiff has not asserted a claim under 42 U.S.C. §1981.

IT IS SO ORDERED.


Dated:     April 13, 2006                              /s/  Wayne D. Brazil_____
                                                                    WAYNE D. BRAZIL
                                                                    United States Magistrate Judge

Copies to:
Parties, WDB
stats

4