*JOHN FREDERIC GARMON*,
Plaintiff

V.

*PERALTA COMMUNITY COLLEGE DISTRICT, PERALTA COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, and DARRYL MOORE*
Defendants

Case No. C-04-3772 WDB

**COURT'S [PROPOSED] SPECIAL INTERROGATORIES**

Generally Applicable Instructions:

   Unless it is explicitly stated otherwise in the question, the applicable standard of proof is the "preponderance of the evidence" standard defined in the instructions that I have given you.
   These special interrogatories contain legal terms and standards that are defined and explained in detail in the jury instructions.  Please refer to your copies of the jury instructions if you are unsure about the meaning or content of any legal term or standard that appears in the special interrogatories.
   In many instances, the answer you give to one question determines which question you are to address next.  Please attend carefully to the instructions that follow immediately after the questions; those instructions may tell you to skip some questions and to go directly to another question.
   The first question for you to answer is question number 1 presented on page 2.

# DR. GARMON'S CLAIM FOR DISCRIMINATION BASED ON RACE AGAINST PERALTA AND THE BOARD

1. Did Dr. Garmon prove that his race was a motivating factor in defendants' decision not to renew his contract to serve as President of Vista College?

 _____yes   _____no

If you answered "yes" go to question number 2. If you answered "no" go to question number 6.

2. Did <u>defendants</u> prove that their decision not to renew Dr. Garmon's contract to serve as President of Vista College was also motivated by one or more *lawful* reasons?

 _____yes   _____no

If you answered "yes" go to question number 3. If you answered "no" go to question number 4.

3. Did <u>defendants</u> prove that they would have made the <u>same decision</u> not to renew Dr. Garmon's contract even if Dr. Garmon's race had not been a factor in that decision -- that is, even if defendants had considered <u>only</u> *lawful* reasons?

_____yes        _____no

If you answered "yes" go to question number 5. If you answered "no" go to question number 4.

4. You found that defendants decision not to renew Dr. Garmon's contract was wrongful -- that is, you found that an unlawful consideration was a motivating factor in that decision. Did Dr. Garmon prove that the wrongful decision not to renew his contract has caused him to suffer emotional distress or that he is reasonably certain to suffer emotional distress in the future as a result of that decision?

_____yes        _____no

Go to question number 5.

5. Please enter in the space below the amount of money that would reasonably compensate Dr. Garmon for emotional distress that he has proved he has suffered in the past and/or, with reasonable certainty, will suffer in the future as a result of the defendants' wrongful decision not to renew Dr. Garmon's contract to serve as President of Vista College.
*If you answered "yes" to question number 3 <u>OR</u> you answered "no" to question number 4 your answer to question number 5 must be $1.00.*

$_____

Go to question number 6.

## **DR. GARMON'S CLAIM FOR DISCRIMINATION BASED ON GENDER AGAINST PERALTA AND THE BOARD**

6. Did Dr. Garmon prove that gender was a motivating factor in defendants' decision not to renew his contract to serve as President of Vista College?

_____yes        _____no

If you answered "yes" go to question number 7. If you answered "no" go to question number 11.

7. Did <u>defendants</u> prove that their decision not to renew Dr. Garmon's contract to serve as President of Vista College was also motivated by one or more *lawful* reasons?

_____yes    _____no

If you answered "yes" go to question number 8.  If you answered "no" go to question number 9.

8. Did defendants prove that they would have made the <u>same decision</u> not to renew Dr. Garmon's contract even if Dr. Garmon's gender had not been a factor in that decision -- that is, even if defendants had considered <u>only</u> *lawful* reasons?

_____yes    _____no

If you answered "yes" go to question number 10.  If you answered "no" go to question number 9.

9. You found that defendants decision not to renew Dr. Garmon's contract was wrongful -- that is, you found that an unlawful consideration was a motivating factor in that decision. Did Dr. Garmon prove that the wrongful decision not to renew his contract has caused him to suffer emotional distress or that he is reasonably certain to suffer emotional distress in the future as a result of that decision?

_____yes        _____no

Go to question number 10.

10. Please enter in the space below the amount of money that would reasonably compensate Dr. Garmon for emotional distress that he has proved he has suffered in the past and/or, with reasonable certainty, will suffer in the future as a result of the defendants' wrongful decision not to renew Dr. Garmon's contract to serve as President of Vista College.

*Do not include the amount, if any, that you included in response to question number 5.*

*If you answered "yes" to question number 8 OR you answered "no" to question number 9 your answer to question number 10 must be $1.00.*

$_____

Go to question number 11.

## DR. GARMON'S CLAIM FOR RETALIATION AGAINST PERALTA AND THE BOARD

11. Did Dr. Garmon prove that he expressed opposition to decisions or practices by defendants on the ground that they were motivated by racial discrimination?

 _____yes   _____no

If you answered "yes" go to question number 12.  If you answered "no" go to question number 18.

12. Did Dr. Garmon prove that it was reasonable, given all the circumstances, for him to believe that the decisions or practices to which he expressed opposition were motivated by racial discrimination?

 _____yes   _____no

If you answered "yes" go to question number 13.  If you answered "no" go to question number 18.

13. Did Dr. Garmon prove that his opposition to decisions or practices that he reasonably believed were discriminatory was a motivating factor in defendants' decision not to renew his contract to serve as President of Vista College?

    _____yes     _____no

If you answered "yes" go to question number 14. If you answered "no" go to question number 18.

14. Did <u>defendants</u> prove that their decision not to renew Dr. Garmon's contract to serve as President of Vista College was also motivated by one or more *lawful* reasons?

    _____yes     _____no

If you answered "yes" go to question number 15. If you answered "no" go to question number 16.

15. Did <u>defendants</u> prove that they would have made the <u>same decision</u> not to renew Dr. Garmon's contract even if retaliation had not been a factor in that decision -- that is, even if they had considered <u>only</u> *lawful* reasons?

_____yes            _____no

If you answered "yes" go to question number 17.  If you answered "no" go to question number 16.

16. You found that defendants decision not to renew Dr. Garmon's contract was wrongful -- that is, you found that an unlawful consideration was a motivating factor in that decision.  Did Dr. Garmon prove that the wrongful decision not to renew his contract has caused him to suffer emotional distress or that he is reasonably certain to suffer emotional distress in the future as a result of that decision?

_____yes            _____no

Go to question number 17.

17. Please enter in the space below the amount of money that would reasonably compensate Dr. Garmon for emotional distress that he has proved he has suffered in the past and/or, with reasonable certainty, will suffer in the future as a result of the defendants' wrongful decision not to renew Dr. Garmon's contract to serve as President of Vista College.

    *Do not include the amount(s), if any, that you included in response to question number 5 and 10.*

    *If you answered "yes" to question number 15 OR you answered "no" to question number 16 your answer to question number 17 must be $1.00.*

    $_____

Go to question number 18.

## DR. GARMON'S CLAIM FOR DEFAMATION AGAINST MR. MOORE

18. Did Dr. Garmon prove that Mr. Moore made a statement to a person other than Dr. Garmon that communicated that the Board did not renew Dr. Garmon's contract to serve as President of Vista because Dr. Garmon had performed poorly or otherwise was not competent to hold the position?

              _____yes      _____no

If you answered "yes" go to question number 19. If you answered "no" go to the Concluding Instruction.

19. Did Dr. Garmon prove that the person to whom Mr. Moore made that statement reasonably understood that that statement was about Dr. Garmon?

              _____yes      _____no

If you answered "yes" go to question number 20. If you answered "no" go to the Concluding Instruction.

20. Did Dr. Garmon prove that that statement was false?

_____yes    _____no

If you answered "yes" go to question number 21. If you answered "no" go to the Concluding Instruction.

21. *For <u>this</u> question you must apply the higher standard of proof described by the Court in the Court's Closing Jury Instruction number 20 called "clear and convincing evidence."*

    Did Dr. Garmon prove **by clear and convincing evidence** that Mr. Moore knew, at the time he made the statement, that it was false or that Mr. Moore had serious doubts about the truth of the statement?

    _____yes    _____no

If you answered "yes" go to question number 22. If you answered "no" go to the Concluding Instruction.

22. *For <u>this</u> question you must apply the higher standard of proof described by the Court in the Court's Closing Jury Instruction number 31 called "clear and convincing evidence."*

   Did Dr. Garmon prove **by clear and convincing evidence** that Mr. Moore acted with malice, oppression, or fraud (as these terms are defined in the jury instructions) when he made the statements that were defamatory?

   _____yes        _____no

Go to question number 23.


23. Did Dr. Garmon prove that Mr. Moore's defamation caused him to suffer emotional distress or that he is reasonably certain to suffer emotional distress in the future as a result of the defamation that you found?

   _____yes        _____no

   *See the Court's Closing Jury Instruction number 23 and 27 about emotional distress.*

Go to question number 24.

24. Please enter in the space below the amount of money that you find would compensate Dr. Garmon for "general damages" caused by Mr. Moore's defamatory statement(s). Said another way, please enter in the space below the amount of money that will reasonably compensate Dr. Garmon for the emotional harm that he has proved he has suffered in the past and/or, with reasonable certainty, will suffer in the future as a result of Mr. Moore's defamation <u>and</u> for the presumed harm to reputation that you find.

*See the Court's Closing Jury Instruction number 27 about "general damages."*

*Do not include any amount intended to punish Mr. Moore.*

$_____

Go to question number 25.

25. Did Dr. Garmon prove that Mr. Moore's defamation caused him to suffer economic harm or that he is reasonably certain to suffer economic harm in the future as a result of the defamation that you found?

_____yes          _____no

*See the Court's Closing Jury Instruction number 28 about economic harm ("special damages").*

If you answered "yes" go to question number 26. If you answered "no" go to the "Concluding Instruction."

26. Please enter in the space below the amount of money that will reasonably compensate Dr. Garmon for the economic harm ("special damages") that he has proved he has suffered in the past and/or, with reasonable certainty, will suffer in the future as a result of Mr. Moore's defamation.

$_____

*See, the Court's Closing Jury Instruction number 28 and 30 about 'special damages" and present cash value.*

*Do not include any amount intended to punish Mr. Moore.*

Go to question number 27.

## MR. MOORE'S CLAIM THAT PLAINTIFF FAILED TO USE REASONABLE EFFORTS TO MITIGATE HIS ECONOMIC DAMAGES

27. Did <u>Mr. Moore</u> prove that Dr. Garmon failed to use reasonable efforts to mitigate the damages that you found in question number 26?

    _____yes     _____no

*See the Court's Closing Jury Instruction number 29.*

If you answered "yes" go to question number 28. If you answered "no" go to the Concluding Instruction.

28. By what amount of money did <u>Mr. Moore</u> prove plaintiff would have reduced his economic damages if he had used reasonable efforts to mitigate damages? Said another way, how much money do you find should be subtracted from the damages you found in question number 26 due to Dr. Garmon's failure to use reasonable efforts to mitigate his economic damages?

    $_____

Go to the Concluding Instruction.

Concluding Instruction:

If you have reached this point, you should have completed your deliberations. Please go over these special interrogatories once more to make sure that you have answered all the questions that the instructions directed you to answer and that you have recorded no response to the questions which, under the instructions, there was no occasion for you to address. After you have completed this task, your foreperson should place his or her signature, the date, and his or her printed name in the appropriate spaces below.

_____  _____
       (foreperson's signature)                           (date)

_____
       (foreperson's name -- printed)